Jack W. INGLE, Appellant,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Appellee.

No. 84–1886.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1985.
Decided June 5, 1985.

Julie A. Waltz, Asheville, N.C., for appellant.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Jack W. Ingle appeals from the district court's order granting summary judgment for the Secretary of Health and Human Services. Ingle sought review under 42 U.S.C. § 405 of the Secretary's final decision denying his claim for disability. The district court found that the decision was supported by substantial evidence. We affirm.

Ingle raises only one issue on appeal, whether the Secretary properly determined that he had sufficient transferable skills so that his impairments would not prevent him from performing other work. Ingle contends that a proper application of the skill requirements, 20 C.F.R. § 404.1568 (1984), would result in a finding that he had no transferable skills, and he would be entitled to an affirmative finding of disability based on the residual functional capacity tables. *Compare* 20 C.F.R., Part 404, Subpart P, Appendix 2, Table No. 1, Rule 201.06 *with* Rule 201.07.

After a remand to the administrative law judge by the Social Security Appeals Council, Ingle's skills were evaluated by a vocational expert who testified at the administrative hearing. Before the district court, Ingle argued that the vocational expert incorrectly categorized some of Ingle's abilities as "skills." The district court agreed that basic abilities to read, write and count are not skills within the meaning of the Social Security Act. These abilities were not acquired through work experience or through education providing for direct entry into skilled work. *See* 20 C.F.R. § 404.1568(d). *See also Weaver v. Secretary of HHS*, 722 F.2d 310, 311–12 (6th Cir.1983) (dexterity, coordination and other natural talents are not specific job skills); *Blake v. Secretary of HHS*, 528 F.Supp. 881, 885 (E.D.Mich.1981) (distinguishing "basic work activities" or aptitudes from skills).

Notwithstanding the overbroad classification of Ingle's abilities, the district court found that other abilities identified by the vocational expert, such as record keeping, use of firefighting machinery and tools, and responding to emergency situations, were skills that the Secretary properly could find to be transferable to other work.

Having considered the entire record, including Ingle's vocational report and the testimony of the vocational expert, we agree with the district court that the Secretary's decision is supported by substantial evidence, and that Ingle's skills and impairments were evaluated according to the correct legal standards. We therefore affirm the judgment of the district court.

AFFIRMED.