Kenneth H. PAULSON,
Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 87–3699.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 8, 1987.

Submitted Dec. 11, 1987.

Decided Jan. 19, 1988.

Glen A. Harlow, Spokane, Washington, for plaintiff-appellant.

Kathryn A. Warma, Seattle, Washington, for defendant-appellee.

Before WRIGHT, ANDERSON and SCHROEDER, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Kenneth H. Paulson appeals from the district court's summary judgment affirming a determination by the Secretary of Health and Human Services denying disability insurance benefits and Supplemental Security Income ("SSI") benefits. We agree with his contention on appeal that the district court erred in failing to remand the case for findings of fact on the issue of

transferability of work skills. We reverse and remand.

## I.

Paulson applied for disability and SSI benefits on December 11, 1984. The applications were denied. Paulson subsequently appeared before the ALJ who found that Paulson's impairments prevented him from performing his past relevant work as a truck driver. The ALJ found that Paulson has non-exertional impairments in that he cannot work around heights, dangerous machinery, or respiratory irritants. A vocational expert ("VE"), Joyce Holgren, testified that Paulson's prior jobs were semi-skilled. Ms. Holgren stated that some of the skills from the truck driving position would be transferable to sedentary jobs, such as gate tender, parking lot attendant, non-walking security guard, and assembly-type positions. She further opined that, although Paulson's low I.Q., inability to write reports, and respiratory problems would reduce the range of jobs available to Paulson, she could place him in a job.

The ALJ concluded that Paulson was not disabled because he retained the residual functional capacity to perform the physical exertion and nonexertional requirements of "light" work. The ALJ applied Rules 202.-10 and 202.11 of Table No. 2, 20 C.F.R., Appendix 2, to reach the conclusion that Paulson was "not disabled."

In reviewing the ALJ's decision, the magistrate concluded that the ALJ made two errors. The magistrate held that the ALJ's finding that Paulson had the residual functional capacity to perform "light" work was not supported by substantial evidence. The magistrate also found that the ALJ inappropriately disregarded the opinion of Paulson's treating physician. For both of these reasons, the magistrate concluded that the ALJ erred in finding Paulson had the residual functional capacity for "light" work.

The magistrate substituted a finding of "sedentary" residual functional capacity for the ALJ's "light" work finding. The magistrate, in refusing to remand the case for further fact finding, granted summary judgment and held that the Secretary met the burden of proving that Paulson can perform substantial gainful work activity of a "sedentary" nature.[1] Paulson timely appeals.

## II.

We review the grant of summary judgment *de novo*. *Cooper v. Bowen*, 815 F.2d 557, 559 (9th Cir.1987). We must determine whether the magistrate applied the law correctly and whether substantial evidence supports the finding of the ALJ. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985).

## III.

Paulson argues that the magistrate erred in failing to remand the case for findings of fact regarding the transferability of Paulson's work skills to other work which he is capable of performing.

The ALJ applied Rules 202.10 and 202.11 of Table No. 2, 20 C.F.R., App. 2, to reach the conclusion that Paulson is "not disabled." Table No. 2 is applied where the claimant has residual functional capacity to perform "light" work. On review, the magistrate concluded that the ALJ's finding was erroneous and substituted a finding that Paulson is capable of "sedentary" work. Thus, the ALJ applied the *wrong* table in evaluating Paulson's capacity to perform substantial gainful work. Table No. 1 applies where the claimant's residual functional capacity is limited to "sedentary" work. Having determined that Table

---

1. In *Blacknall v. Heckler*, 721 F.2d 1179 (9th Cir.1983), we held that the district court could modify the SSA's administrative determination that a claimant could do "light" work into a finding that he could perform "sedentary" work without the need to remand. *See* 20 C.F.R. § 404.1567(b). Although district courts are empowered to modify such determinations, here we find that a remand is necessary due to the lack of substantial evidence to support the ALJ's finding that Paulson's work skills are transferable.

No. 1 applies, a review of each of the four vocational factors is required.

Paulson was 51 years old at the time of his hearing. The ALJ correctly found that Paulson was a person "closely approaching advanced age." *See* 20 C.F.R. § 404.1563(c).

Paulson attended school until the eighth grade. Based on this information, the ALJ accurately concluded that Paulson had a "limited education." *See* 20 C.F.R. § 404.1564(b)(3). Hence, considering Paulson's "sedentary" residual functional capacity, his age and education, a determination of Paulson's disability status turns upon which of the three grid rules—201.09, 201.10, or 201.11—is to be used as the framework for determining whether Paulson is disabled.

The ALJ determined that Paulson's previous employment was semi-skilled, and that such skills were transferable. In the text of his written decision, however, and in reliance on the VE's testimony, the ALJ merely noted:

He has a limited education and his past work has been semi-skilled with transferability of those skills as set forth in the vocational testimony. *However, considering the residual functional capacity and his age and education, the question of transferability of skills is not material herein.*

(Tr. 12–13; ER 7–8) (emphasis added). Because the ALJ was operating under the erroneous finding that Paulson could perform "light" work, the ALJ applied Grid Rules 202.10 and 202.11 of Table No. 2 to reach a conclusion of "not disabled." Under either of these two rules, the issues of work experience and transferability are indeed irrelevant. Grid Rules 202.10, 202.11, and 202.12 each direct a finding of "not disabled," irrespective of the level of a claimant's skill and the transferability of those skills.

Paulson, on appeal, endorses the ALJ's finding that his prior truck driving work was "semi-skilled." We likewise find no basis for refuting that conclusion. Thus, pertaining to a "sedentary" work level under Table No. 1, a determination of transferability of work skills to other work becomes the dispositive issue in this case. If such skills are not transferable, Paulson is "disabled." *See* Grid Rule 201.10. If Paulson's skills are transferable, Paulson is "not disabled." *See* Grid Rule 201.11.

The ALJ, in deciding that Paulson's skills were transferable, relied upon the testimony of the VE. The totality of the VE's testimony regarding transferability is as follows:

Some of the transferable skills in the semi-skilled position of driving deals primarily with things—and those would be transferable to a visual security guard for instance—just monitoring, whereby an individual just has to push a button.

(Tr. 43).

\* \* \* \* \* \*

Q. How about the fact that he has medium to low I.Q. and cannot write the English language, can't perform reports, would that affect some of these jobs?

A. It would affect any job that had reports involved, it would not necessarily affect a repetitive-type job, based on the fact he's already demonstrated that he has transferable skills—in eye/hand coordination kinds of activity.

(Tr. 46).

## IV.

Based on the foregoing, we conclude that there is not "substantial evidence" to support the ALJ's finding that Paulson's work skills are transferable. The ALJ erroneously conceded in his decision that "transferability" was not a material issue and the quantum of evidence heard on this issue illustrates that erroneous assessment. Moreover, the ALJ's "transferability" determination was erroneous as a matter of law for an additional reason. The only qualities identified as transferable in this case are aptitudes, not skills. The qualities of perception and motor coordination are abilities and aptitudes necessary in nearly all jobs, *see* 20 C.F.R.

§ 404.1521(b), rather than work skills that may support a finding of transferability.

In Social Security Ruling 82–41 (October 1982),[2] the Secretary clarified the regulations concerning transferability:

> The regulations definition of semi-skilled work in regulations sections 404.1568(b) and 416.968(b) states that semiskilled jobs "may require alertness and close attention ... coordination and dexterity ... as when hands or feet must be moved quickly to do repetitive tasks." These descriptive terms are not intended, however, to illustrate types of skills, in and of themselves. The terms describe worker traits (aptitudes or abilities) rather than acquired work skills.

Several courts have held that equating the substantial vocational asset of transferable work skills with such common aptitudes constitutes an incorrect application of the Secretary's policy. *See Varley v. Secretary of HHS*, 820 F.2d 777, 782 n. 4 (6th Cir.1987); *Cole v. Secretary of HHS*, 820 F.2d 768, 773 (6th Cir.1987); *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir.1986); *Doak v. Heckler*, 790 F.2d 26, 30 (3d Cir. 1986); *Podedworny v. Harris*, 745 F.2d 210, 220 (3d Cir.1984); *Vasquez v. Secretary of HHS*, 683 F.2d 1, 4 (1st Cir.1982).

A remand, therefore, is necessary for further consideration of the issue of transferability of claimant's work skills. On remand, the Secretary is instructed to give additional consideration to claimant's non-exertional limitations in light of what we consider the rather cavalier conclusions of the vocational expert that Paulson was capable of performing work which appeared to be inconsistent with his non-exertional limitations.

## V.

■ Paulson seeks an award of attorney's fees on appeal and in the court below pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Securing

a remand on an appeal of an administrative disability decision is insufficient to qualify Paulson as a prevailing party under the EAJA. *Swenson v. Heckler*, 801 F.2d 1079 (9th Cir.1986). However, if benefits are ultimately obtained on remand, Paulson shall be allowed to renew his fee application.

## VI.

Accordingly, we reverse the district court's judgment and remand with instructions to remand to the Secretary for further consideration of these issues.

REVERSED and REMANDED.

2. Social Security Rulings are "final opinions and orders and statements of policy and interpretations that have been adopted by the [Social Security] Administration and that are not published in the FEDERAL REGISTER ..." 20 C.F.R. § 422.408. Once published, a ruling is binding upon ALJ's and is to be relied upon as precedent in determining cases where the facts are basically the same. *See Warmoth v. Bowen*, 798 F.2d 1109, 1111 n. 5 (7th Cir.1986).