849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. SICCA, Plaintiff-Appellant,
v.
Otis R. BOWEN, Department of Health and Human Services,
Defendant-Appellee.
 No. 87-3159.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: May 27, 1988.
 
 Sheldon Edward Friedman, for appellant.
 Donna J. Fuchsluger (Office of the General Counsel, Social Security Division, Department of Health & Human Services; Breckinridge L. Willcox, United States Attorney; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; A. George Lowe, Chief, Disability Litigation Branch, on brief), for appellee.
 Before WIDENER, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Sicca appeals the order affirming denial of disability benefits by the Secretary of Health and Human Services. We affirm.
 
 I.
 
 2
 Sicca began working as a plumber in 1946 when he left school at age 14. Although functionally illiterate, he was licensed in his trade at age 28 after taking an oral examination.
 
 
 3
 The record demonstrates that in the 1970's Sicca was treated for high blood pressure, arthritis, nervousness and bronchitis. He was subsequently injured in his work on several occasions, including a back injury in 1979, a wrist injury in 1981 and a knee injury in 1983. After his last injury Sicca stopped working in February 1983 and received workers compensation benefits until January 1984, when a company doctor determined that he could return to lighter work. He attempted instead to return to his prior work as a plumber, but the exertional requirements and a twisted knee ended these efforts later that year.
 
 
 4
 Sicca applied for social security disability benefits in September 1984. He alleged that he had been disabled since February 1983 due to damaged knees, high blood pressure and arthritis. The Secretary initially denied the claim and a hearing was conducted by an administrative law judge (ALJ). During the hearing before the ALJ, Sicca testified that bronchitis, asthma, heart problems, a hiatal hernia, nervousness, and his wrist and back injuries were also disabling.
 
 
 5
 The ALJ found that Sicca had demonstrated medical evidence to establish degenerative osteoarthritis of the knees, status post surgery of the right knee, back strain, tenosynovitis of the right wrist, anxiety reaction, and recurrent bronchitis. However, the ALJ found Sicca's complaints of shortness of breath, leg pain and stiffness, and inability to stand or walk more than brief periods "not ... fully credible when contrasted with the objective medical findings." Finally, the ALJ concluded that although Sicca could no longer perform his past work, he was not totally disabled because he could still perform a full range of light or sedentary work by applying transferable skills to available jobs. The Appeals Council denied Sicca's request for review of the ALJ's decision, which then became the final decision of the Secretary.
 
 II.
 
 6
 The decision of the Secretary is conclusive if supported by substantial evidence, 42 U.S.C.A. Sec. 405(g) (West 1983), and conflicts in the evidence are to be resolved by the Secretary and not the court. Richardson v. Perales, 402 U.S. 389 (1971). The question is whether substantial evidence supports the Secretary's findings that (1) Sicca could perform light or sedentary work; (2) he had transferable skills from his previous work; and (3) jobs which Sicca was able to perform despite his impairments were available to him in significant numbers.
 
 
 7
 The medical evidence substantiates the finding that Sicca could perform light or sedentary work. Sicca's treating physician stated that Sicca had moderate limitation of motion in his right knee. Although another treating physician described Sicca as completely disabled from his normal work, he also stated that he could be trained for sedentary work. Three other physicians found that Sicca's knees were impaired, but did not conclude that he was totally disabled.
 
 
 8
 Two medical examiners found only a 10 to 20 percent disability in Sicca's wrist, and diagnosed no serious problems. Examiners also found varying degrees of pain and disability associated with musculo-ligamentous back sprain, but there was no evidence of total disability from this, or from Sicca's blood pressure problems. Finally, the reports of Sicca's problems with nervousness and anxiety, and the extent to which they rendered him disabled, were at best inconsistent.
 
 
 9
 Sicca worked for over 35 years in plumbing, a licensed craft or trade. In his testimony, a vocational expert listed a number of skills that Sicca had acquired which were transferable to light jobs. This is sufficient to support a finding of transferable skills. See Ingle v. Heckler, 763 F.2d 169, 170 (4th Cir.1985).
 
 
 10
 The vocational expert also testified regarding jobs for which Sicca is suited that exist in significant numbers in the area in which Sicca lives. Sicca contends that the expert's response to a hypothetical question established that there were no jobs available for him. However, the hypothetical question assumed, among other facts, a claimant who could lift no more than 15 pounds and was in constantly severe pain. Sicca testified that he could lift up to 25 pounds, and the ALJ did not find credible Sicca's testimony that he actually experienced the disabling pain he described. Thus, the elements of the hypothetical question included facts which were unsupported by the record, and the vocational expert's response was not probative of Sicca's claim.
 
 
 11
 AFFIRMED.