945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roena M. EASTOM, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Defendant-Appellee.
 No. 91-5035.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 4, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals from a district court order affirming the Secretary's denial of disability insurance benefits. The Administrative Law Judge (ALJ) rejected claimant's allegation of disability commencing with her October 1986 back surgery, finding claimant still capable of gainful employment, and the Appeals Council denied claimant's subsequent request for review of the ALJ's decision.
 
 
 3
 Claimant's disability claim is based on the exertional and nonexertional limitations allegedly resulting from a lumbar spine injury that occurred in August 1985 and gradually worsened until surgery was necessary. The ALJ's determination turned on the fifth step of the controlling sequential analysis, i.e., after finding that (1) claimant was not gainfully employed, (2) claimant suffered from a severe impairment, (3) claimant's impairment did not meet or equal one of the presumptively disabling impairments listed in the regulations (particularly, 20 C.F.R. Chapter III, Pt. 404, Subpart P, App. 1, § 1.05C), and (4) claimant was unable to perform her past relevant work,[1] the ALJ concluded that (5) considering the claimant's residual functional capacity (RFC), age, education, and work experience, she was able to perform other jobs sufficiently available in the economy. See generally Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (summarizing five-step evaluation process); Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989) (same). Specifically, the ALJ found that the cashier positions identified and quantified by the vocational expert at claimant's hearing involved activities that did not exceed the limitations imposed by claimant's condition and, moreover, required skills claimant could transfer from her employment as a waitress/cashier in the early to mid 1970's.
 
 
 4
 On appeal, claimant contends the Secretary and district court erred in deciding she could still meet the demands of regular employment. We review that decision "to determine whether the [Secretary's] findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 5
 The primary focus of claimant's allegation of disability is the pain caused by such basic activities as sitting, standing, and walking. The framework for the proper analysis of claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). To summarize, we must determine (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is some "loose nexus" between the proven impairment and claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. Id. at 163-64. There is no real dispute that claimant's back condition is an impairment capable of producing pain and that it could potentially result in the kind of pain alleged. Cf. Williams v. Bowen, 844 F.2d 748, 753-54 (10th Cir.1988) (summarily holding that claimant with degenerative disc disease necessitating surgical intervention satisfied first two steps in Luna analysis). The crux of the matter is therefore whether substantial evidence exists to support the ALJ's finding that, contrary to claimant's own account of pain promptly resulting from the simplest physical effort, claimant could perform the work-related activities required by the sedentary positions the vocational expert identified.
 
 
 6
 Claimant was given full opportunity to describe her pain and related physical limitations at the hearing before the ALJ. She testified that she has pain in her lower back and left leg that is discomforting when she sits, stands, walks, and does housework. Appendix to Appellant's Brief (App.) Vol. II at 52-53. As a result, claimant stated she is able to sit for no longer than five to seven minutes, cannot stand for more than five to seven minutes without sitting down to rest, and can only walk for an eighth of a mile before she must rest reclined for thirty to forty minutes. App. Vol. II at 53-55. She described the pain as a "constant dull" ache that does not vary with movement or change in position and never becomes a sharp shooting pain. Id. at 52-53.
 
 
 7
 In addressing the severity of alleged pain, the ALJ should consider all relevant factors, objective and subjective, including the nature and level of medication taken, the claimant's efforts to obtain relief, frequency of medical contacts, nature of the claimant's daily activities, subjective measures of credibility peculiarly within the judgment of the ALJ, motivation and relationships of witnesses to the claimant, and consistency of nonmedical testimony with objective medical evidence. See Huston v. Bowen, 838 F.2d 1125, 1132-33 (10th Cir.1988); Luna, 834 F.2d at 165-66. The ALJ's decision reflects a thorough evaluation of the evidence in light of these factors. As the ALJ noted, claimant relies on Excedrin for pain relief; she takes no prescription medication for the pain and muscle spasms that allegedly disable her. Moreover, the ALJ correctly observed that the medical records, none of which contain any specific findings or recommendations by a physician regarding claimant's critical sitting and standing limitations,[2] do not reflect the postural and mobility restrictions asserted by claimant. Indeed, the medical records indicate that daily walks of several miles over two hour-long spans were advised for claimant, who reportedly was walking three miles per day when last seen by her treating physician, Dr. O.R. Nunley, in September 1987. Furthermore, as the ALJ noted, claimant does not require or rely on a cane, crutch, or walker to aid her mobility and provide support.
 
 
 8
 We recognize that Dr. Nunley related in a letter addressed to claimant's counsel a month before the hearing in June 1988 that he "did not believe she will ever be able to return to her employment nor ... is [she] a candidate for any type of retraining." App.Vol. II at 171. Two separate considerations diminish the significance of this opinion. First of all, it is not, strictly speaking, inconsistent with the ALJ's finding that claimant could perform the sedentary cashier positions discussed by the vocational expert. Those positions do not involve the physical demands of claimant's prior work, nor is there any evidence that they would require retraining on the part of claimant.[3] Secondly, as the district court emphasized, Dr. Nunley's pessimistic view of claimant's employability was expressed some eight months after his last examination of claimant and conflicted with his own earlier opinion, formed when he was seeing claimant regularly, that she was "still capable of being employed maybe in a lighter duty status work." App.Vol. II at 154. Moreover, Dr. Anthony Billings, claimant's surgeon, who also stated he felt claimant could not return to her former occupation, see Id. at 147 (report dated May 6, 1987); but see id. at 143 (report of April 28, 1987, stating "I think she probably could return to work."), never said anything about other, less rigorous work, and, in fact, found claimant had suffered only a 9% total physical impairment, see id. at 147. Under the circumstances, Dr. Nunley's unfavorable opinion regarding claimant's employment potential did not constrain the ALJ to find claimant disabled. See Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir.1988).
 
 
 9
 Claimant also argues that, used properly as a framework for assessing her largely nonexertional impairment, the medical-vocational guidelines, specifically 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.14 (indicating finding of disability for claimant closely approaching advanced age with sedentary RFC, high school education, and no transferable skills), lend support to her disability claim in light of the absence of true transferable skills. See supra at 6, n. 3. Whatever the merits of this argument, which we note assumes a fact (i.e., a particular RFC limitation) never found by the ALJ, it was not raised below and, therefore, will not be considered for the first time on this appeal. See Channel v. Heckler, 747 F.2d 577, 579 n. 2 (10th Cir.1984). Accord Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990).
 
 
 10
 On the basis of the evidence and legal principles discussed above, we conclude that substantial evidence exists in the record to support the determination that claimant is not disabled. The judgment of the United States District Court for the Northern District of Oklahoma is, accordingly, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We follow the Appeals Council, as did the district court, in dismissing as an inadvertent misstatement the ALJ's finding that "claimant's impairments do not prevent the claimant from performing her past relevant work," ALJ decision of January 3, 1989, at 7. Such a finding is unsupported by the evidence, contradicted in the body of the ALJ's decision, id. at 6, and unnecessary to the disposition reached therein, see id. at 6-7
 
 
 [2]
 Only one reference to such limitations appears in the medical record at all--where an examining physician, neither claimant's treating physician nor surgeon, relates claimant's own, somewhat inconsistent, complaint that "[h]er symptoms are increased with sitting for more than thirty minutes and standing for more than ten minutes." July 24, 1987 report of Dr. Stephen Gilliland of Chronic Pain Associates, Inc., App.Vol. II at 149
 
 
 [3]
 We agree with claimant that the cashier positions as described by the vocational expert do not entail any particular skills she must transfer from the waitress/cashier work she did many years ago in her own restaurant. A host of authorities recognize that the basic physical functions and mental aptitudes evidently involved here do not constitute transferable "skills," as that term is used in the social security context. See, e.g., Frey v. Bowen, 816 F.2d 508, 517-18 (10th Cir.1987); Paulson v. Bowen, 836 F.2d 1249, 1251-52 (9th Cir.1988) and numerous cases cited therein. However, for the same reason, these cashier positions would also not require the retraining Dr. Nunley ruled out