956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Virginia WILKERSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the Department of
Health and Human Services, Defendant-Appellee.
 No. 91-6199.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Virginia Wilkerson appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of Plaintiff's applications for social security disability insurance benefits under 42 U.S.C. §§ 416(i) and 423, and for supplemental security income benefits under 42 U.S.C. § 1381a. On appeal Plaintiff argues that the Secretary's finding that she was not disabled because she had a transferable skill is not supported by substantial evidence and that the Secretary erred in relying on vocational testimony to support a finding that Plaintiff was not disabled. We disagree and affirm.
 
 
 3
 Plaintiff applied for benefits in June 1986. She claimed that she became unable to work on March 15, 1986, because she could not stand on her feet, having had surgery on one foot; her right arm and shoulder were stiff; she had high blood pressure; and her spine had deteriorated. The applications were denied on initial consideration and on reconsideration.
 
 
 4
 Plaintiff requested and was afforded a hearing before an administrative law judge (ALJ). The ALJ denied Plaintiff's applications, finding that she was not disabled as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Consequently, the ALJ's decision stood as the final decision of the Secretary.
 
 
 5
 Plaintiff commenced this action to review the Secretary's decision. At the Secretary's request, the case was remanded to the Secretary to obtain additional testimony concerning Plaintiff's pain complaints and to evaluate all factors relevant to her complaints pursuant to Luna v. Bowen, 834 F.2d 161 (10th Cir.1987).
 
 
 6
 A supplemental hearing was held, and the ALJ again found that Plaintiff was not disabled. The Appeals Council adopted the ALJ's findings and conclusions. The district court affirmed.
 
 
 7
 To qualify for disability benefits, a claimant must meet the insured status requirements, be less than sixty-five years old, and be under a disability.[1] The term "disability" means
 
 
 8
 [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...
 
 
 9
 ....
 
 
 10
 An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....
 
 
 11
 42 U.S.C. § 423(d)(1)(A), (2).
 
 
 12
 The claimant has the burden of proving he is disabled. "Once the claimant has established a disability, the burden shifts to the Secretary to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy." Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). The Secretary meets this burden if his decision is supported by substantial evidence. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988).
 
 
 13
 On appeal, we determine whether substantial evidence in the record supports the Secretary's decision. Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). We may not weigh the evidence or substitute our judgment for that of the agency. Id. "Substantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion." Id.
 
 
 14
 To determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. §§ 404.1520, 416.920 (1991). See Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (supplemental security income). Applying the five-step process the ALJ found in his second decision that 1) Plaintiff was not performing substantial gainful activity (step one); 2) Plaintiff had a severe impairment (step two); 3) Plaintiff did not have any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. I (step three); and 4) Plaintiff was unable to perform her past relevant work (step four). These findings are not at issue.
 
 
 15
 Step five provides,
 
 
 16
 If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.
 
 
 17
 20 C.F.R. §§ 404.1520(f)(1) and 416.920(f)(1) (1991). The Secretary frequently meets the step-five burden of showing that a claimant retains the capacity to perform work and that the work exists in the national economy by relying on the Medical-Vocational Guidelines, "the grids," 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1991). Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987). The grids cannot be used when a nonexertional impairment such as pain limits a claimant's ability to perform a range of work, however. Id. at 513. When a claimant suffers from both exertional and nonexertional impairments, the grids are first applied to determine whether the claimant is disabled due to the exertional impairments alone. If the claimant is not so disabled, a second determination must be made using the grids as a framework for considering how much the claimant's work capacity is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations. Id.
 
 
 18
 Under Table 2 of the grids, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1991), the ALJ found in his second decision that 1) Plaintiff was of advanced age; 2) she had a high school education and some college; 3) her previous work experience was skilled or semiskilled; and 4) her skills, specifically dealing with people, supervisory skills, attention to detail, hand/eye coordination, recordkeeping, and operating a two-way radio, were transferable.[2] These findings directed a conclusion of "not disabled." The only fact distinguishing a conclusion of "not disabled" from a conclusion of "disabled" on Table 2, given Plaintiff's characteristics, was that she had transferable skills. The ALJ then used the grids as a framework to determine that there were a significant number of jobs in the national economy that Plaintiff could perform, such as ward clerk, medical records clerk, two-way radio dispatcher, and parking lot cashier.
 
 
 19
 Plaintiff argues that she did not acquire the skill of recordkeeping at her previous positions as home health provider, cardex clerk, or warehouse secretary, because recordkeeping comprised only a small part of her duties and involved only reading and writing, which are not "skills."
 
 
 20
 Plaintiff testified that as a home health aide, she recorded vital signs such as blood pressure and pulse on a regular basis. She listed "keep vital signs" and "record and give medications" as duties of her position as home health aide. Appellant's App. at 87, 113. The appeal record does not bear out her contention that recordkeeping comprised only a small portion of her duties.
 
 
 21
 Plaintiff's duties as a cardex clerk included keeping a file up to date as to all the incoming and outgoing parts to know what to reorder. Id. at 49, 85a. Plaintiff contends this task, as well as her recordkeeping duties as a home health aide, involved nothing more than reading and writing, which is not a skill. See Ingle v. Heckler, 763 F.2d 169, 170 (4th Cir.1985).
 
 
 22
 A "skill" is defined as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn)...." S.S.R. 82-41 (West's Soc.Sec.Rptg.Serv.Admin.Rulings 1975-82 (1983)) at 848. Recordkeeping is a skill, Ingle, 763 F.2d at 170, yet broken down into its components recordkeeping is no more than reading and writing. What makes these activities a skill is the exercise of significant judgment. The Secretary could have found that Plaintiff exercised significant judgment in keeping records as a home health aide and a cardex clerk.
 
 
 23
 Plaintiff argues that there was no evidence that she performed any recordkeeping in her position as warehouse secretary. Plaintiff claimed that as a warehouse secretary she was in charge of all office procedures. She testified that her duties included making a list for truck drivers who delivered furniture to customers, contacting the customers to let them know what day their furniture was going to be delivered, keeping in contact with the trucks to see where they were, writing out orders to have furniture picked up and repaired, filing, ordering parts to fix furniture, making arrangements for outside furniture repair, making the service department aware when parts arrived, and processing receiving reports. Appellant's App. at 50-51, 86-87. While Plaintiff did not specifically testify that she kept records as a warehouse secretary, it is a reasonable inference that her various job responsibilities would involve some recordkeeping.
 
 
 24
 Plaintiff argues that even if she acquired recordkeeping skills at her positions as home health aide, cardex clerk, and warehouse secretary, these skills were not transferable. A claimant is considered to have transferable skills "when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1) (1991). Transferability of skills involves "applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." S.S.R. 82-41 (West's Soc.Sec.Rptg.Serv.Admin.Rulings 1975-82 (1983)) at 849.
 
 
 25
 Substantial evidence supports the Secretary's finding that Plaintiff's recordkeeping skill was transferable. A vocational expert testified that Plaintiff's recordkeeping skill could be transferred to the position of ward clerk, which is at the low end of semi-skilled occupations and involves copying information; or medical records clerk, which is a semi-skilled job requiring only slightly more skill than ward clerk and involving compiling and verifying records as opposed to simply copying information. Appellant's App. at 114. This testimony provides substantial evidence from which the Secretary could have found that Plaintiff's skill was transferable.
 
 
 26
 Plaintiff finally contends that because the "grids" should have directed a finding that she is disabled, the Secretary erred in relying on vocational testimony to find that Plaintiff was not disabled. In light of our previous discussion, we conclude this contention is without merit.
 
 
 27
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The only qualification at issue in this case is whether Plaintiff is under a disability
 
 
 [2]
 The district court concluded that only recordkeeping could be considered a "skill." The Secretary does not challenge this ruling on appeal