963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha A. HAMMOND, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-55906.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha A. Hammond appeals from the final judgment of the district court affirming the decision of the Secretary of Health and Human Services to deny her supplemental security income benefits and disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 Hammond contends that the Secretary did not adequately consider whether the combined effect of her physical impairments equals a listed impairment presumed severe enough to preclude gainful work. We agree. Consequently, we reverse and remand to the Secretary for further findings.
 
 
 4
 * Hammond applied for supplemental security income benefits on August 2, 1988, and for disability insurance benefits on August 29, 1988. Hammond alleged that she became disabled on March 1, 1988. The Social Security Administration denied her claims. A hearing was conducted before an administrative law judge ("ALJ"), and on October 30, 1989, the ALJ found that Hammond was not disabled. The Appeals Council denied Hammond's request for review of the ALJ's decision on April 18, 1990.
 
 
 5
 Hammond then brought suit in the district court pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), which provide for judicial review of final decisions of the Secretary. On December 24, 1990, the district court granted the Secretary's motion for summary judgment, finding that the Secretary's decision was supported by substantial evidence. That final judgment is the subject of the present appeal.
 
 II
 
 6
 We review de novo the district court order of summary judgment. Paulson v. Bowen, 836 F.2d 1249, 1250 (9th Cir.1988). We set aside a denial of benefits only if the Secretary's findings are based upon legal error or are unsupported by substantial evidence. Stone v. Heckler, 761 F.2d 530, 531 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).
 
 III
 
 7
 The Secretary must make a five-part sequential inquiry to determine if a claimant is "disabled" under the Social Security Act, 42 U.S.C. 423(a)(1)(D), and is thus eligible for benefits. Pitzer v. Sullivan, 908 F.2d 502, 504 (9th Cir.1990).
 
 
 8
 The Secretary first determines whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied. 20 C.F.R. § 404.1520(a) & (b). The Secretary next determines whether the claimant's impairment is "severe." Id. § 404.1520(c). If severe, the Secretary compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude gainful work. Id. § 404.1520(d). If the claimant meets or equals one of the listed impairments, a conclusive presumption of disability applies. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987). If the claimant's impairment does not meet or equal one of the listed impairments, the Secretary must determine whether the claimant can do relevant past work or other work. If the claimant cannot do either, benefits are awarded. 20 C.F.R. § 404.1520(e) & (f).
 
 IV
 
 9
 In determining whether a claimant's impairment is equal to a listed impairment, the Secretary must compare the "symptoms, signs, and laboratory findings" of the claimant's impairment "with the medical criteria shown with the listed impairment." 20 C.F.R. § 404.1526. If the claimant has more than one impairment, the Secretary must consider the combined effect of the claimant's impairments without regard to whether any such impairment, if evaluated separately, would be disabling. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir.1990). If the ALJ does not adequately consider the combined effect of a claimant's impairments, remand to the Secretary is appropriate. Id.
 
 V
 
 10
 In this case, the ALJ found that Martha Hammond is 5 feet, 6 inches tall and weighs 284 pounds. At such height and weight, Hammond clearly meets the weight requirement of medical listing 10.10 of 20 C.F.R. Part 404, Subpt. P, App. 1. The ALJ further found that Hammond has diabetic neuropathy, bilateral carpal tunnel syndrome, adhesive capsulitis of the right shoulder and diabetes mellitus.
 
 
 11
 Hammond's impairments do not meet medical listing 10.10, which requires, in addition to obesity, a finding of one of five specific impairments. Hammond does not dispute this fact. Instead, Hammond contends that the combined effect of her impairments equals listing 10.10.
 
 
 12
 In evaluating the combined effect of Hammond's impairments the ALJ found that
 
 
 13
 [w]hile the claimant is significantly overweight, 5 feet 6 inches tall and 284 pounds, her condition does not meet or equal the obesity Listing contained in Appendix 1, Subpart P. Further, there is no history of pain or limitation of motion of any weight-bearing joint or spine associated with x-ray evidence of arthritis in a weight bearing joint or spine, hypertension, history of congestive heart failure, chronic venous insufficiency, or respiratory disease. Obviously, the claimant is overweight. However, this condition in and of itself is not vocationally prohibitive.
 
 
 14
 Hammond contends that this finding is insufficient to establish that the ALJ actually considered the combined effect of her impairments. We agree. In finding no equivalence, the ALJ does not mention Hammond's diabetic neuropathy, bilateral carpal tunnel syndrome, adhesive capsulitis of the right shoulder and diabetes mellitus. He mentions only her obesity. Because the ALJ did not adequately consider the combined effect of Hammond's impairments, we remand this case to the Secretary. On remand, the Secretary shall properly consider whether the combined effect of Hammond's impairments equals medical listing 10.10.
 
 VI
 
 15
 We deny Hammond's request for attorney's fees on appeal. The Secretary's position was substantially justified because it had a reasonable basis both in law and fact. 28 U.S.C. § 2412(d)(1)(A); Pierce v. Underwood, 487 U.S. 552, 565 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990). We note that Marcia v. Sullivan, 900 F.2d 172 (9th Cir.1990), upon which we rely, was decided after Hammond's disability hearing in this case.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3