967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cassandra E. BREWINGTON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-55909.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided May 29, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cassandra E. Brewington appeals from the final judgment of the district court affirming the decision of the Secretary of Health and Human Services to deny her supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. Brewington contends that the Secretary's conclusion that she is able to perform her past relevant work is not supported by substantial evidence. We agree. Consequently, we reverse and remand to the Secretary to determine whether Brewington retains the capacity to perform other types of "substantial gainful activity" existing in the national economy.
 
 
 3
 * Brewington applied for supplemental security income benefits on July 20, 1988, alleging that she became disabled by anxiety in April 1987. The Social Security Administration denied her claim. A hearing was conducted before an administrative law judge ("ALJ"), and on October 12, 1989, the ALJ found that Brewington was not disabled. The Appeals Council denied Brewington's request for review of the ALJ's decision on April 18, 1990.
 
 
 4
 Brewington then brought suit in the district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary. On January 4, 1991, the district court granted the Secretary's motion for summary judgment, finding that the Secretary's decision was supported by substantial evidence. That final judgment is the subject of the present appeal.
 
 II
 
 5
 We review de novo the district court order of summary judgment. Paulson v. Bowen, 836 F.2d 1249, 1250 (9th Cir.1988). We set aside a denial of benefits only if the Secretary's findings are based upon legal error or are unsupported by substantial evidence. Stone v. Heckler, 761 F.2d 530, 531 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).
 
 III
 
 6
 The Secretary must make a five-part sequential inquiry to determine if a claimant is "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(D), and is thus eligible for benefits. Pitzer v. Sullivan, 908 F.2d 502, 504 (9th Cir.1990).
 
 
 7
 The Secretary first determines whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied. 20 C.F.R. § 404.1520(a) & (b). The Secretary next determines whether the claimant's impairment is "severe." Id. § 404.1520(c). If severe, the Secretary compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude gainful work. Id. § 404.1520(d). If the claimant meets or equals one of the listed impairments, a conclusive presumption of disability applies. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987). If the claimant's impairment does not meet or equal one of the listed impairments, the Secretary must determine whether the claimant can do past relevant work or other work. If the claimant cannot do either, benefits are awarded. 20 C.F.R. § 404.1520(e) & (f).
 
 IV
 
 8
 In this case, the ALJ found that Brewington was not engaged in substantial gainful activity. The ALJ next found that Brewington suffered from severe borderline intellectual functioning, an anxiety disorder, a personality disorder and alcoholism that is presently in remission. Despite these disorders, the ALJ concluded that Brewington's impairments did not meet or equal one of the listed impairments and that Brewington was able to perform her past relevant work as a taxi driver.
 
 
 9
 Brewington contends that the Secretary's conclusion that she is able to perform her past relevant work as a taxi driver is not supported by substantial evidence. We agree. Whatever work Brewington may still be able to perform, she carried her burden in showing that she could not perform her past work as a taxi driver. Conspicuously absent from the record is any mention that Brewington still drives. Indeed, frequent reference is made to her use of public transportation. Brewington also testified that public transportation is a source of anxiety for her; there is no reason to doubt that Brewington would be subject to anxiety attacks while serving as a driver of public transportation.
 
 
 10
 Contrary to the administrative law judge's conclusion, drivers--professional or otherwise--inevitably encounter situations "involv[ing] complex ... instructions" or requiring "speed and intense concentration." The evidence clearly shows that Brewington should not be expected to work as a taxi driver; the administrative law judge's contrary conclusion is not supported by substantial evidence.
 
 
 11
 Consequently, we reverse and remand to the Secretary to determine whether Brewington retains the capacity to perform other types of "substantial gainful activity" existing in the national economy. Giampaoli v. Califano, 628 F.2d 1190, 1192 (9th Cir.1980). Brewington's remaining contentions lack merit.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3