76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda S. WAYLAND, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-7029.
No. 95-7059
(D.C.No. CIV-93-958-S)
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order affirming the Secretary's decision to deny her application for social security benefits. She raises a number of issues, one of which is both meritorious and dispositive. We accordingly reverse the judgment of the district court and remand the case to permit further consideration by the Secretary.
 
 
 3
 The administrative law judge found, and the record reflects, that plaintiff suffers from severe impairments both physical, involving back strain accompanied by obesity, and mental, including depression and personality disorder. The ALJ acknowledged the former by restricting plaintiff to light and sedentary work; he purported to account for the latter by further limiting the range of potential jobs to those designated as unskilled. Relying on a vocational expert's identification of work satisfying these criteria, the ALJ found plaintiff not disabled at step five of the Secretary's evaluative procedure. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(generally describing Secretary's five-step analysis). While substantial evidence supports the ALJ's treatment of plaintiff's physical impairments, the ALJ erred in equating plaintiff's mental limitations with absent work skills, thus necessitating reversal. See generally Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994)(reciting standard of judicial review for Secretary's factual and legal determinations).
 
 
 4
 Pursuant to mandated procedure, see generally Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir.1995), the ALJ completed a Psychiatric Review Technique Form evaluating plaintiff's mental impairments. With some support from the record,[3] see, e.g., R. II at 111, 113-14, 140, 142-43, 162, 217-18, the ALJ concluded that plaintiff's affective and personality disorders resulted in "Moderate" functional limitations with respect to "Activities of Daily Living" and "Maintaining Social Functioning," and "Often" caused "Deficiencies of Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner." R. II at 31. Consistent with the findings set out in the ALJ's decision, these intermediate ratings reflect limitations sufficiently severe to interfere with work activities but not disabling enough to dictate a peremptory award of benefits under the listings at step three. See 20 C.F.R. 404.1520a(b)(2), (c)(1); 416.920a(b)(2), (c)(1); Pt. 404, Subpt. P, App. 1 12.04B, 12.08B.
 
 
 5
 Notwithstanding these findings, the ALJ did not include any mental limitations in his hypothetical inquiry to the vocational expert at plaintiff's hearing. Instead, the ALJ simply concluded that restricting plaintiff to unskilled work (necessitated by her scant work history in any event) sufficed to account for her cognitive and emotional impairments.
 
 
 6
 The ALJ erred both procedurally and substantively. First of all, when mental impairments diminish a claimant's residual functional capacity, our cases generally require the production of "expert vocational testimony or other similar evidence to establish the existence of jobs [the mentally impaired claimant could still perform] in the national economy" to satisfy the Secretary's burden at step five. Cruse, 49 F.3d at 619 (quotation omitted). See generally Gay v. Sullivan, 986 F.2d 1336, 1340 (10th Cir.1993)("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." (quotation omitted)).
 
 
 7
 Moreover, while there may be circumstances in which a particular mental limitation could be so obviously accommodated by a reduction in skill level that particularized vocational evidence addressing that limitation might be dispensed with, that is clearly not the case here. Indeed, deficiencies in concentration like plaintiff's may well be especially disruptive of production, and perhaps even physically dangerous to the claimant and/or her coworkers, in the kinds of repetitive tasks typically involved in unskilled work. In short, the tacit premise in the ALJ's analysis, i.e., that a cognitive or emotional impairment may be functionally equated with the lack of a skill, as that term is employed in the Secretary's regulations, is wrong. Numerous authorities illustrate the basic point that intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level. See, e.g., Frey v. Bowen, 816 F.2d 508, 517-18 (10th Cir.1987); Paulson v. Bowen, 836 F.2d 1249, 1251-52 (9th Cir.1988); Ingle v. Heckler, 763 F.2d 169, 170 (4th Cir.1985); Richardson v. Secretary of Health & Human Servs., 735 F.2d 962, 964 (6th Cir.1984).
 
 
 8
 Accordingly, we hold that the ALJ's decision does not properly or adequately account for plaintiff's acknowledged mental impairments. The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is REMANDED with directions to remand, in turn, to the Secretary for further proceedings consistent herewith.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 While the ALJ's synthesis of the cited psychiatric records, which reflect a measure of loose agreement with much particularized variance, is plausible in itself, we note he did not have the benefit of our decision in Cruse, which corrected prevalent misinterpretations of the terminology used in certain mental assessment forms, some of which were relied on here to diminish the significance of plaintiff's impairment. As in Cruse, 49 F.3d at 618 & n. 2, the ALJ appears to have misconstrued certain "fair" (and "good") ratings as indications of ability, rather than of dis ability (or "limited" ability). See R. II at 20. On remand the ALJ should consider whether his evaluation of the severity of plaintiff's mental limitations should be revised upward in light of Cruse