Thomas A. ANGLIN, Plaintiff–
Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–55332.

D.C. No. CV–99–07758–CT.

Argued and Submitted Aug. 6, 2001.

Decided Aug. 30, 2001.

* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

Before WALLACE, CYNTHIA HOLCOMB HALL, and TROTT, Circuit Judges.

## MEMORANDUM **

Anglin appeals from the district court's summary judgment affirming the Social Security Administration's (SSA's) denial of disability benefits. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291 and we affirm.

■ We review de novo a district court's order upholding the Commissioner's denial of benefits. *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a scintilla but less than a preponderance. *Id.* at 1098. It means such evidence that a reasonable person might accept as adequate to support a conclusion, and is determined by reviewing the entire administrative record. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989).

Anglin first contends that the Administrative Law Judge (ALJ) improperly rejected the opinion of his treating physicians, relying instead on the non-treating, non-examining medical expert's opinion to determine that he remains capable of performing medium work. As a general matter, more weight is given to a treating physician's opinion because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes,* 881 F.2d at 751

(internal quotation omitted). However, the treating physician's opinion is not necessarily conclusive as to either physical condition or the ultimate issue of disability. *Id.* Where the opinion of the treating physician is contradicted by a non-treating physician's opinion, the latter may constitute substantial evidence if it rests on independent clinical findings. *Id.* However, where, as here, a non-treating physician's opinion contradicts that of a treating physician "but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).

In the instant case, the ALJ did not rely on the medical expert's testimony alone to reject the opinions of Anglin's treating physicians in assessing Anglin's functional capacity. *See Magallanes,* 881 F.2d at 752. The record indicates that "the ALJ pointed to specific evidence in addition to his personal observations, and the opinion of the nontreating, nonexamining medical advisor . . . to support his rejection of the opinions of Dr. [Yee] and Dr. [Brodie]." *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 602, 602–03 (9th Cir.1999). First, the ALJ found that the diagnoses of Dr. Yee and Dr. Brodie—the treating physicians—were not credible, explaining that (1) Dr. Yee's diagnosis and Dr. Brodie's revised diagnosis are inconsistent with Dr. Brodie's original diagnosis; (2) Drs. Yee and Brodie "appear[ ] to have relied mostly on [Anglin's] subjective complaints," and (3) neither submitted any objective medical evidence to support his diagnosis. Second, the ALJ emphasized that Anglin visited Drs. Yee and Brodie "primarily for evalua-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion, rather than treatment purposes," in connection with his workers' compensation claim, and that he stopped visiting them once he received a settlement. Third, the ALJ found Anglin's statements regarding his physical condition and disability to be not credible.

"The ALJ set all of this out in a detailed and thorough summary, including his interpretation of the evidence." *Andrews*, 53 F.3d at 1043. Thus, the ALJ gave "specific, legitimate reasons" for rejecting the opinions of the treating physicians which were based on substantial evidence in the record. *See id.* Therefore, the ALJ was entitled to adopt the opinion of the nonexamining medical expert in determining that Anglin "retains the residual functional capacity" for medium work, and we will not disturb his finding. *Id.*

Next, Anglin contends that the so-called "skills" identified by the vocational expert are "so vague ... as to be virtually meaningless" and, thus, may not support a finding of transferability. Further, he argues that the jobs identified by the vocational expert would demand more than the "very little, if any, vocational adjustment required" for individuals age 55 or over. *See* Soc. Sec. Rule 82–41. Thus, Anglin asserts that under SSA policy, he does not possess "transferable skills" and is, thus, entitled to disability benefits.

If Anglin shows that he cannot return to his previous work, the Commissioner must show that he can do other kinds of work. *See Andrews*, 53 F.3d at 1043. The Commissioner may carry this burden by eliciting the testimony of a vocational expert (VE) in response to a hypothetical question that sets out all the limitations and restrictions of the claimant. *See id.*

█ In response to the ALJ's request to enumerate the skills Anglin has acquired in his past job as an accounting clerk, the VE listed: knowledge of office procedures (i.e., responding to telephone inquiries and knowledge of different filing and distribution methods), calculating, posting, and verifying financial data, and recording and retrieving data. When asked to identify specific jobs that could be performed by an individual with Anglin's vocational profile and residual functional capacity, the VE listed the following occupations: (1) appointment clerk; (2) information clerk; and (3) general clerk.

First, Anglin argues that the various transferable "skills" identified by the VE were not actually skills, but rather common traits or aptitudes possessed by even the most unskilled worker. There is an inherent difference between aptitudes and skills. *See Paulson v. Bowen*, 836 F.2d 1249, 1251–52 (9th Cir.1988) (holding that "[t]he qualities of perception and motor coordination are abilities and aptitudes" and not skills). While an aptitude is an inclination, a natural ability, talent, or capacity for learning, *see* Webster's New World Dictionary 68 (3d ed.1988), a skill is a "learned power for doing something competently." 3 Soc. Sec. Law & Prac. § 43:72 (1999). In contrast to basic human traits such as perception and motor skills, the abilities identified by the VE constitute vocational assets learned at Anglin's past job and, thus, were properly classified as transferable skills. *Cf. Paulson* 836 F.2d at 1252.

It is not enough, however, that Anglin possess transferable skills. Because Anglin is of advanced age, the "transfer" must require little, if any, vocational adjustment. *See* Soc. Sec. Rule 82–41. Significantly, the SSA distinguishes between job skills "unique to a specific work process in a particular industry" and job skills "with universal applicability across industry lines." *Id.* The latter, which includes clerical, professional, administrative, or managerial types of jobs, "can usually be accomplished with very little, if any, vocational adjustment." *Id.* Here, Anglin's skills—

administrative, interpersonal, and analytical ones—are far less job specific than "carpentry skills in the construction industry," for example, and have universal applicability. *Id.* Moreover, the VE testified that the occupations he identified would require very little vocational adjustment for an individual with Anglin's vocational background and functional capacity. Therefore, substantial evidence supports the ALJ's finding that Anglin possesses transferable skills and, thus, is not disabled. *See Russell v. Bowen,* 856 F.2d 81, 83 (9th Cir.1988).

AFFIRMED.