**Quang Van HAN, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant.**

**Civ. No. 86–1466 LE.**

United States District Court,
D. Oregon.

Aug. 13, 1987.

Martin R. Cohen, Lake Oswego, Or., for Quang Han Van.

Craig J. Casey, Asst. U.S. Atty., Portland, Or., Kathryn Warme, Special Asst. U.S. Atty., for Secretary of Health and Human Services.

## ORDER

LEAVY, Circuit Judge, Sitting by Designation.

The plaintiff, Quang Van Han, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services (Secretary) denying him Supplemental Security Income Benefits (SSI).

Han applied for SSI on March 18, 1985. The application was denied initially and upon reconsideration. An administrative hearing was held on February 6, 1986 before an Administrative Law Judge (ALJ). In an opinion dated May 2, 1986, the ALJ determined that Han was not disabled. The ALJ's decision became the final decision of the Secretary on September 26, 1986, when the Appeals Council denied Han's request for review.

## FACTS

At the time of the hearing, Han was a sixty-two year old Vietnamese refugee with previous work experience as a herbal medicine store clerk in Vietnam. Han alleges disability since July 26, 1984 from Grave's disease, a spinal injury, and cataracts.

Han arrived in the United States in July 1984. In March 1985, Dr. Szeto, Han's treating physician, examined Han because of low back pain, poor vision, loss of appetite, and nervousness. Dr. Szeto diagnosed moderately severe degenerative joint disease of the lumbar area. Han experienced back pain on palpitation and chronic, moderately severe muscle spasms. Han could walk without much difficulty. Dr. Szeto thought Han would be "unable to seek employment for the next four months."

Dr. Szeto referred Han to Dr. Aversano, a neurologist, for further evaluation of his back pain on April 24, 1985. Han told Dr. Aversano that the pain, experienced for the last 15 years, had become more severe, radiating from the upper lumbar region down through the back and into the legs. Han had difficulty lying supine or rolling over. Dr. Aversano diagnosed possible conus medullaris syndrome and suggested myelography because Han's pain did not correlate with the abnormalities identified in an earlier CT scan.

On August 6, 1985, Dr. Szeto wrote the disability examiner: "Mr. Han's condition has been progressively getting worse. He experiences constant lower back pain."

Dr. Ebert performed a consultative examination of Han on August 29, 1985. Dr. Ebert wrote:

The patient has had back pain from his mid dorsal area at about T6, T7, bilaterally, to the tops of the iliac crests. His low back pain is constant. It fluctuates. It is aggravated by prolonged sitting, lifting anything as heavy as ten to 15 pounds, bending. He has to walk slowly because of his back pain, and also when he lies down he has to frequently change position....

Lumbosacral spine films, taken today, reveal advanced degenerative disc disease at L5–S1, with moderate degenerative disc disease at 4–5, with mild osteophytosis at 4–5 and mild to moderate osteophytosis at 5–1.

Dr. Ebert did not have Han's medical records, including a myelogram, CT scan, and the treating physician's evaluation, but in his opinion, Han's spinal problems did not correlate with the pain Han was experiencing. On the basis of his examination, the absence of atrophy, weakness or objective evidence of radiculpathy and Han's symptom complex, which "primarily consists of pain," Dr. Ebert concluded that Han was capable of performing medium or light to medium work.

Han also suffers bi-lateral cataracts. With his current glasses, Han reads 20/200 in each eye. Dr. Waldman, on referral from the Secretary, examined Han's eyes on May 14, 1985, and noted that Han's vision could be improved to 20/50 in the right eye and 20/80 in the left eye with proper refraction.

Han has Grave's disease, a thyroid disorder. Serum testing in January 1985 showed elevated thyroxine levels; in March 1985 the levels were within normal limits.

The record contains two sources of information about Han's past work in Vietnam: the Vocation Report (VR) prepared for the Secretary and hearing testimony. The VR indicates that Han's duties at the drug store included filling prescriptions, stocking drugs and other items from the warehouse and carrying other products such as groceries from the train and bus stations to the store. The average weight lifted was 10–25 pounds and the weight was carried 15 miles. The job involved constant bending and walking. According to the report, Han worked at the herbal medicine store seven days a week from 1970–1975.

At the hearing Han testified that he worked at the herbal medicine store from 1960–1984 when he stopped working and his wife and children went to work. Han's son testified that Han stopped working in 1975 because of his illness and that it was in 1975 that Han's wife and children went to work. Han also testified that when he worked he spent all of his time in the store and rested or slept when there were no customers. Han testified that he could not perform the same work now because of his physical limitations. Han testified that he had constant back pain, dizziness, and blurred vision. His son testified that Han's condition had worsened in the past three or four months. According to Han's son, Han spent most of his time lying down and could walk only a few feet without pain. Han had difficulty understanding and answering the ALJ's questions at the hearing because he spoke no English even though an interpreter was used.

The ALJ found Han's testimony concerning his pain and its limitations not "fully credible" because of "inconsistencies in symptoms, findings, and behavior," stating that "the claimant's testimony cannot be given great weight because of the inconsistencies in his statements regarding his pain and due to his posturing and bizarre behavior at the hearing which was inconsistent with his complaints." The ALJ found Han's past work to be light, semi-skilled work and found that Han could perform his past work. The ALJ relied on Dr. Ebert's conclusion that Han could perform light and medium level work. The ALJ concluded that Han was not disabled and denied him SSI benefits.

## DISCUSSION

Han raises two issues on appeal. First, he argues that Social Security Ruling 82–40 (SSR 82–40), relied upon here by the Secretary in concluding that Han was not dis-

abled, is contrary to the Social Security Act and regulations promulgated thereunder. Second, Han contends that there is not substantial evidence in the record to support the decision of the Secretary. The Secretary's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the Secretary applied the proper legal standards. *Delgado v. Heckler,* 722 F.2d 570, 572 (9th Cir.1983).

*SSR 82–40.* In making disability determinations, the Secretary has adopted a sequential method of claimant evaluation. 40 C.F.R. § 416.920. Step four of the sequence requires a determination whether the claimant can perform his "past relevant work." 40 C.F.R. § 416.920(e). This determination is based on review of the claimant's "residual functional capacity" and the physical and mental demands of the past work. *Id.* If the claimant can still do his past relevant work, the regulations direct a finding of not disabled. *Id.* The regulations provide that relevant work experience is that "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 40 C.F.R. § 416.965.

■ SSR 82–40 was adopted to clarify the Secretary's policy on considering work in a foreign country as past relevant work. It provides:

> The proper test in the fourth step of the sequential evaluation process is whether the individual can do his or her previous work, whether in the U.S. or in a foreign economy.... The relevance of past work in a foreign economy for purposes of sections 404.1520(e) and 416.920(e) is no different from the relevance of past work in the U.S. economy with respect to the physical and mental demands of the particular past job.

> If a claimant can meet the sitting, standing, walking, lifting, manipulative, intellectual, emotional and other physical and mental requirements of a past job, he or she is still functionally capable of performing that job regardless of the fact that the individual no longer resides in the country where the past work was performed.

SSR 82–40 was based on the policy that "[a]n individual is found to be under a disability only if his or her physical or mental impairment(s) is the primary reason for inability to engage in substantial gainful work activity." This is consistent with the statutory definition of disability. *See* 42 U.S.C. § 1382c(a)(3)(A) (1985).

Thus, SSR 82–40 is not contrary to the Social Security Act and regulations promulgated thereunder.

■ *Finding that Han could perform past work.* The ALJ found that Han could perform his past work as a herbal medicine store clerk. This finding must be upheld if it is supported by substantial evidence. *Delgado,* 722 F.2d at 572.

Han's alleged disability is primarily pain from his back. Han testified that his back pain would prevent him from performing his previous work. However, the evidence in the record provides no medical basis for the severity and extent of Han's pain. Subjective complaints of pain must be accompanied by objective medical evidence of an impairment that could reasonably be expected to produce the pain alleged. 42 U.S.C. § 423(d)(5)(A); *Taylor v. Heckler,* 765 F.2d 872, 876 (9th Cir.1985). Because there is no medical evidence of such an impairment in the record, the ALJ could reject Han's testimony so long as he made specific findings in support of the rejection. *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986). The ALJ made specific findings that Han's testimony was not credible because of inconsistencies in Han's testimony and behavior.

The only physician rendering an opinion on Han's ability to perform work related tasks was Dr. Ebert, who concluded that Han could perform medium to light work. Because Dr. Ebert's opinion is uncontradicted, and the evidence in the record indicates that Han's work as a herbal medicine store clerk was light work, substantial evidence supports the ALJ's finding that Han could perform his previous work.

IT IS ORDERED that the decision of the Secretary is AFFIRMED.