Efrain MARTINEZ, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. 86 Civ. 0176 (JES).

United States District Court, S.D. New York.

May 16, 1988.

Torres, Leonard, Franco & Soto, New York City, for plaintiff; Jose Louis Torres, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Kathleen A. Zebrowski, Sp. Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Efrain Martinez brings this action pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3) (1982) challenging the final decision of the Secretary of Health and Human Services ("the Secretary") denying him disability insurance benefits and supplemental security income benefits. The Secretary concluded that plaintiff could return to his past relevant work as a security guard,[1] and therefore was not disabled within the meaning of the Social Security Act. *See* Administrative Record at 12; *see also id.* at 2–4.

The parties filed cross-motions for summary judgment and appeared before the Court for Oral Argument on March 31, 1988. At that argument, the Court found that the record had not been adequately developed with respect to plaintiff's disability, especially since plaintiff had not been represented by counsel at the hearing before the ALJ. The Court therefore indicated its intention to remand the case to the Secretary for that purpose, and stated that on remand, the Secretary should also consider plaintiff's lack of English-speaking ability insofar as that circumstance bore on the question of plaintiff's ability to work as a security guard in the United

States, as opposed to in Puerto Rico, where he was formerly employed.

 Subsequently, the Secretary wrote a letter to the Court which cited persuasive authority for the proposition that plaintiff's inability to speak English is irrelevant to a determination of whether he can do his past relevant work. *See* Social Security Ruling 82–40; *Han v. Bowen,* 671 F.Supp. 702, 705 (D.Or.1987); *Tsukerman v. HHS,* No. 85–854, slip op. at 6–9 (E.D.N.Y. Dec. 6, 1985). Although the Secretary considers a claimant's ability to speak English in determining whether one who *cannot* do his past work can do other work, consideration of that factor is not required or relevant in determining whether a claimant *can* do his past work.[2] Thus, a remand of this case to consider the impact of plaintiff's inability to speak English on his ability to find work as a security guard would be erroneous.

In responding to the Secretary's most recent submission, plaintiff reiterates his contention that since his treating physician's uncontroverted assessment of his residual functional capacity makes it clear that plaintiff cannot do even sedentary work, any finding by the Secretary on remand that he could do his former job could not be supported by substantial evidence. Plaintiff concludes, therefore, that a remand is inappropriate and that plaintiff is entitled to judgment awarding him benefits.

 Plaintiff's argument, however, ignores the sequential analysis required by the statutory scheme implemented by the Secretary's regulations. *See* 20 CFR §§ 404.1520 & 416.920 (1987); *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982). Pursuant to that scheme, only if plaintiff is *unable* to do his previous work does the Secretary consider whether plaintiff has the residual functional capacity to do sedentary work, which is merely one classifica-

---

**1.** Plaintiff worked as a security guard in Puerto Rico prior to coming to the continental United States in 1984. *See* Administrative Record at 21.

**2.** The Court was concerned about the impact of plaintiff's inability to speak English on his ability to work as a security guard in the United

States where the ability to speak English may be essential. However, the Secretary has persuaded the Court, as noted above, that however logically relevant that concern might have been to the threshold determination of whether a claimant can do his past work, it is foreclosed by the applicable statutory scheme.

tion of jobs designed to assist in determining the physical exertion requirements of work in the national economy. *See* 20 CFR §§ 404.1520(e), 404.1561, 416.920(e), 416.961; *see also id.* at §§ 404.1567, 416.967. Where that is not the case, it follows that an incapacity to meet the general exertional requirements of sedentary work is not relevant under the regulations to the issue of whether plaintiff could perform his past work, and certainly is not, as petitioner suggests, dispositive of that issue, even if work as a security guard generally requires more exertional capacity than sedentary work.

In any event, the Secretary agrees that a remand of this case for further administrative proceedings is appropriate. This case is therefore remanded to the Secretary for further consideration of whether plaintiff's physical limitations would preclude him from performing his past work. If the Secretary finds plaintiff unable to perform that work, then of course the Secretary must proceed to the question of whether there is other work the plaintiff can perform, considering his age, education, work experience, and physical ability. When and if that point is reached, plaintiff's argument will have considerably more force.

It is SO ORDERED.