QUANG VAN HAN, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant–Appellee.

No. 87–4284.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 1, 1989.

Decided Aug. 21, 1989.

Ira R. Zarov, Oregon Legal Services Corp., Portland, Or., for plaintiff-appellant.

Shelly R. Brown and Gary J. Thogersen, Asst. Regional Counsel, Dept. of Health and Human Services, Seattle, Wash., for defendant-appellee.

Before TANG, BOOCHEVER and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

Quang Van Han came to the United States in 1984 as a refugee from Vietnam, where he worked in an herbal medicine store, filling prescriptions according to instructions given by a "Master." His appeal from the denial of his application for Supplemental Security Income benefits appears to be the first in the nation to challenge the validity of Social Security Ruling 82–40.[1]

I

■ Han applied for SSI benefits pursuant to 42 U.S.C. § 1381 *et seq.* (1982 & Supp. V 1987) on March 18, 1985. His application was denied initially and upon reconsideration, and again by an Administrative Law Judge. The ALJ's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council denied Han's request for review. Han appealed to a district court, which affirmed the Secretary's decision. *Han v. Bowen,* 671 F.Supp. 702 (D.Or. 1987). Reviewing the judgment of the district court de novo,[2] we examine the decision of the Secretary to ensure that it is supported by substantial evidence and free of legal error. *Adams v. Bowen,* 872 F.2d 926, 927 (9th Cir.1989).

Han alleges that the ALJ committed four errors: He asserts that the ALJ (A) erroneously relied on Social Security Ruling 82–40, which he contends is an unreasonable interpretation of the Social Security Act; (B) applied improper legal standards in evaluating Han's claim of back pain; (C) received insufficient evidence about the re-

---

1. Ruling 82–40 is mentioned in only two reported decisions, this case below and *Martinez v. Bowen,* 685 F.Supp. 70 (S.D.N.Y.1988), a case in which the claimant did not contest the ruling's validity.

2. The district court opinion does not disclose the procedural posture of the case. Although the separate unpublished document captioned "Judgment" purports to dismiss Han's com-

plaint, it is evident from the opinion that the district court closely scrutinized the evidence in the record and relied extensively on the facts in affirming the decision of the Secretary. We therefore treat the case as having been decided on summary judgment. *See* Fed.R.Civ.P. 12(b); *Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 552 (9th Cir.1984).

quirements of Han's former job as an herbal pharmacy clerk in Vietnam; and (D) mistakenly relied on the medical opinion of Dr. Ebert, who did not have the benefit of Han's test results. We consider each allegation in turn.

## II

A. A claimant is disabled, and therefore eligible to receive SSI benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B) (1982).[3] The Secretary's regulations set out a five step procedure for determining whether an individual falls within this definition. First, the claimant must not be currently working. 20 C.F.R. § 416.920(b) (1988). Second, the claimant must have a severe impairment. *Id.* § 416.920(c). Third, the impairment must be of equal severity and duration to those listed in an appendix.[4] *Id.* § 416.920(d). If these three requirements are satisfied, the claimant is found disabled. If the third is not, the Social Security Administration proceeds to step four, and determines whether the impairment prevents the claimant from performing his past work. *Id.* § 416.920(e). If not, the claimant is not disabled. If the claimant cannot perform his past work, then SSA reaches the fifth and final step: The claimant will be found disabled if he cannot perform any other work which exists in significant numbers in the national economy. *See id.* § 416.920(f).[5]

Social Security Ruling 82–40, which became effective on May 14, 1982, was issued in order "[t]o clarify the adjudicative policy on considering work in a foreign country as 'past relevant work' for purposes of regulations section[ ] ... 416.920(e)." SSR 82–40 at 1. Insofar as here relevant, the ruling provides:

> The proper test in the fourth step of the sequential evaluation process is whether the individual can do his or her previous work, whether in the U.S. or in a foreign economy. A job in a foreign economy need not have a counterpart in the U.S. economy, and the lack of authoritative occupational reference materials for foreign economies is not a barrier to the decision that a claimant can or cannot meet the physical and mental demands of a formerly held foreign job as he or she described it.

> The relevance of past work in a foreign economy for purposes of regulations section[ ] ... 416.920(e) is no different from the relevance of past work in the U.S. economy with respect to the physical and mental demands of the particular past job. If a claimant can meet the sitting, standing, walking, lifting, manipulative, intellectual, emotional and other physical and mental requirements of a past job, he or she is still functionally capable of performing that job regardless of the fact that the individual no longer resides in the country where the past work was performed. It is only after a claimant proves that he or she is not able to do his or her previous work that the burden shifts to the Secretary to show that there is work available in the U.S. national economy which the claimant can do (the fifth and last step of the sequential evaluation process).

*Id.* at 2–3. The ALJ determined that Han was physically capable of performing his past work in an herbal medicine store, noted that Ruling 82–40 made irrelevant the fact that this work was in a foreign coun-

---

**3.** The impairment must also be expected to result in death or to last for a continuous twelve month period, 42 U.S.C. § 1382c(a)(3)(A) (1982), and the claimant must meet certain income requirements, 42 U.S.C. § 1382 (1982 & Supp. V 1987).

**4.** 20 C.F.R. part 404, subpart P, appendix 1 (1988); *see* 20 C.F.R. § 416.925 (1988).

**5.** Although section 416.920(f) does not specify that the other work must exist in significant numbers in the national economy, that is a statutory requirement. *See* 42 U.S.C. § 1382c(a)(3)(B) (1982).

try, and accordingly denied benefits. Han claims that the ruling is inconsistent with the Social Security Act.

■■■ Social Security Rulings do not have the force of law. *Paxton v. Secretary of Health & Human Servs.*, 856 F.2d 1352, 1356 (9th Cir.1988). Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations.[6] Accordingly, we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Act or regulations.[7] *Id.; see Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

■■■ Ruling 82–40 is not inconsistent with the Social Security Act. The Act sets out two requirements for disability: A claimant must (1) be "unable to do his previous work," and (2) be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B) (1982). Although the Act requires "other" work to exist in the United States, it places no such limitation on "previous" work; it is therefore reasonable to infer that the ability to perform previous work renders a claimant ineligible for benefits whether or not that work exists in the United States.

Another plausible reading of section 1382c(a)(3)(B) is urged by Han: He argues that the word "other" preceding "kind of substantial gainful work" indicates that "previous work" is a subset of "substantial gainful work which exists in the national economy," and that previous work must therefore also exist in the national economy. This is *a* reasonable interpretation of the statute, but not the only one. It is also reasonable to construe "previous work" and "other" work as separate categories,

neither a subset of the other. Under such an interpretation, the limitations governing other work do not modify previous work; indeed, as discussed above, their absence gives rise to the inference that previous work is not subject to the same restrictions.

Ruling 82–40 thus embodies the Secretary's choice between two reasonable interpretations of section 1382c(a)(3)(B), neither of which would be inconsistent with the Act. Whether we might consider one reading superior to the other is irrelevant for purposes of judicial review: It is axiomatic that "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782. As Ruling 82–40 is not inconsistent with the Social Security Act, we cannot invalidate it on that ground.

■■■ Neither is Ruling 82–40 inconsistent with the regulation it interprets. Section 416.920(e) says nothing about whether past work was performed in the United States or abroad. As with the statute, the regulation's silence can give rise to the reasonable inference that it places no restrictions on the location of the claimant's previous work. Nor is Ruling 82–40 inconsistent with the five step evaluation process as a whole. Each of the steps asks the ultimate question, whether the claimant is healthy enough to be employable, in terms that approximate the statute with increasing precision. If the claimant is in sufficient physical and mental condition to perform his previous work, his impairment is clearly not so severe as to preclude employment. This should hold true no matter where his previous work took place, unless it can be shown that employment in a foreign coun-

---

6. Social Security Rulings are, in the inimitable syntax of the Social Security Administration, "[p]recedent final opinions and orders and statements of policy and interpretations that have been adopted by the Administration and that are not published in the FEDERAL REGISTER...." 20 C.F.R. § 422.408 (1988). They are binding on ALJs. *Paulson v. Bowen*, 836 F.2d 1249, 1252 n. 2 (9th Cir.1988).

7. While this is an accurate statement of the law, its meaning is not entirely clear. It is difficult to see how a ruling could be plainly erroneous without being inconsistent with a regulation, a statute or the Constitution. Yet the exceptions to our rule of deference are stated as two distinct categories: Plain error is somehow a different beast from inconsistency with a rule of law.

try is less taxing than work in the United States. If a claimant can show that his previous work in a foreign country is less physically or mentally grueling than sedentary work in the United States, he may be able to argue that Ruling 82–40, as applied to him, would conflict with the Social Security Act or the five step evaluation process. Han has not so shown here.

■ An agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation. *Robertson v. Methow Valley Citizens Council,* —— U.S. ——, 109 S.Ct. 1835, 1850, 104 L.Ed.2d 351 (1989). Ruling 82–40 is neither; the ALJ thus did not err in applying it to Han's case.

■ B. Han asserts that the ALJ discounted his complaints of excess pain solely because they are unsupported by objective medical evidence. Had the ALJ done so, he would have erred, *Varney v. Secretary of Health & Human Servs.,* 846 F.2d 581, 584 (9th Cir.1988), but he did not. The ALJ observed that Han engaged in "posturing and bizarre behavior at the hearing which was inconsistent with his complaints." Administrative Transcript (Tr.) 16. For example, "he shifted about in his seat while testifying that his pain was less severe if he remained still and did not move about." *Id.* at 15. These observations, which led the ALJ to conclude that Han was overdramatizing his feelings of pain at the hearing, constitute the requisite "specific findings," *Gamer v. Secretary of Health & Human Servs.,* 815 F.2d 1275, 1279 (9th Cir.1987), justifying the ALJ's decision to discredit Han's assertions of disabling pain.[8] The ALJ thus did not err in this regard.

■ C. Han claims that the record contains insufficient evidence to provide a complete description of his former work in Vietnam. This is simply not true. Both the

ALJ, Tr. 30–32, 35–36, and Han's attorney, *id.* at 36–37, 41, questioned Han about the tasks he performed in the herbal medicine store. Han additionally provided a written description of his work, which included his estimates of how much walking, standing and bending he was required to do, and the weight of the objects he was required to lift. *Id.* at 118. This evidence was sufficient for the ALJ to conclude that Han's work was light and semi-skilled, *id.* at 14, and that Han retained the physical capacity to perform it. *Id.* at 17.

■ D. Han last asserts that the decision of the Secretary is unsupported by substantial evidence because it relies heavily on the medical opinion of Dr. Ebert, who did not have the benefit of Han's test results. While Dr. Ebert would unquestionably have been better informed had he reviewed the test results before concluding that Han is capable of performing light or medium work, *id.* at 139, the Secretary's decision is nevertheless supported by substantial evidence. Dr. Ebert was one of only two physicians to express an opinion as to Han's ability to work; the other was Dr. Szeto, who concluded that Han would be unemployable for four months, too short a period to make him eligible for SSI benefits. *See* 42 U.S.C. § 1382c(a)(3)(A) (1982) (non-terminal impairment must "be expected to last for a continuous period of not less than twelve months"). In light of the fact that no physician concluded that Han would be unable to work for the statutorily required period, the ALJ's reliance on Dr. Ebert's opinion does not render his decision unsupported by substantial evidence.

### III

The decision of the ALJ is supported by substantial evidence and free of legal er-

---

8. The ALJ did not erroneously discount Han's allegations of pain merely because Han did not exhibit physical manifestations of pain at the hearing. *See Gallant v. Heckler,* 753 F.2d 1450, 1455 (9th Cir.1984). The ALJ did the opposite; he discredited Han's assertions of disabling pain because he concluded that Han was dishonestly

attempting to display too *much* pain. This type of credibility determination is within the province of the ALJ, and cannot be disturbed where, as here, it is supported by specific findings. *See Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989).

ror. The judgment of the district court is accordingly affirmed.