127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lowell COX, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Defendant-Appellee.
 No. 96-35583.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1997.
Decided Sept. 25, 1997.
 
 1
 Appeal from the United States District Court for the District of Montana, No. CV-04-00005-CCL; Charles C. Lovell, District Judge, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Cox applied for disability benefits, claiming that he suffers from a combination of disabling physical and mental symptoms, including longstanding respiratory problems stemming from chronic obstructive pulmonary disease with emphysema, furunculosis[1] with a history of acute and chronic inflammation, exposure to Agent Orange, alcohol abuse, and depressive, anxiety and personality disorders.
 
 
 5
 The Administrative Law Judge ("ALJ") denied Cox's application for benefits and the Appeals Council denied review. Cox then appealed to the district court, which granted the Commissioner's motion for summary judgment after concluding that the ALJ properly resolved conflicting evidence and determined credibility in accordance with the law. Cox appeals from the district court judgment. We have jurisdiction and affirm.
 
 DISCUSSION
 
 6
 The district court's order upholding the Commissioner's denial of benefits is reviewed de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The Commissioner's decision must be affirmed unless it is in legal error or not supported by substantial evidence. Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir.1995).
 
 
 7
 The regulations promulgated by the Secretary of Health and Human Services establish a five-step procedure for determining eligibility:
 
 
 8
 First, the claimant must not be currently working. Second, the claimant must have a severe impairment. Third, the impairment must be of equal severity and duration to those listed in an appendix [to the Code of Federal Regulations, see 20 C.F.R. § 404, subpt. P, app. 1]. If these three requirements are satisfied, the claimant is found disabled. If the third is not, the Social Security Administration proceeds to step four, and determines whether the impairment prevents the claimant from performing his past work, then SSA reaches the fifth and final step: The claimant will be found disabled if he cannot perform any other work which exists in significant numbers in the national economy.
 
 
 9
 Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir.1989) (citations omitted); 20 C.F.R. §§ 404.1520, 416.920.
 
 
 10
 Once the ALJ has found--as the ALJ did here--that the claimant suffers from a severe impairment that disables him from performing his previous work, the Commissioner has the burden of proving that he has the residual functional capacity to perform other work available in the national economy. In determining the claimant's residual functional capacity, the ALJ must consider whether his mental and physical impairments in the aggregate may so incapacitate him that he is unable to perform the available work. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1523; Macri v. Chater, 93 F.3d 540, 545 (9th Cir.1996).
 
 
 11
 Cox does not challenge the ALJ's finding that his impairments are not equivalent to any of the disabilities listed in the appendix. The only issue before this court is whether substantial evidence supports the ALJ's finding that Cox has the residual functional capacity to perform "light and sedentary unskilled jobs." Specifically, Cox contends the ALJ erred by (1) finding Cox only somewhat limited in his daily activities; (2) posing insufficient hypothetical questions to the vocational expert ("VE"); and (3) failing to evaluate Cox's mental impairments properly.
 
 A. Daily Activities
 
 12
 Cox argues that the ALJ erred in finding him only "somewhat limited" in his daily activities, pointing to the evidence that his "cooking" is limited to putting meals prepared by his girlfriend into the oven and contending that the ALJ's decision "overlooks the facts." However, unless Cox can point to evidence showing that he is limited in ways that preclude him entirely from working, he would not be entitled to disability benefits. The quoted observation of the ALJ is merely a part of a lengthy discussion of the evidence and not an operative finding. In any event, credibility determinations are the province of the ALJ, Russell v. Bowen, 856 F.2d 81, 83 (9th Cir.1988), and substantial evidence supports the ALJ's evaluation of Cox's daily activities.
 
 
 13
 B. Hypothetical Questions and Cox's Aggregate Impairments
 
 
 14
 To determine whether a claimant's residual functional capacity permits him to reenter the workforce, the ALJ may pose hypothetical questions to a VE. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). The hypothetical must include all of the claimant's limitations and must depict them in an accurate and detailed manner. Id. at 1044; Desrosiers v. Secretary, 846 F.2d 573, 578 (9th Cir.1988). Cox contends that the ALJ excluded necessary evidence in his hypotheticals to the VE. Specifically, he argues that: only when the ALJ removed from his hypotheticals Cox's major problems with activities was he able to elicit an answer that there were jobs Cox could do. According to Cox, when the ALJ included the various problems Cox has, the VE answered he could not return to his past work and there were no other jobs that he could do. The record, however, is to the contrary. While the VE testified that given his limitations, Cox could not return to his past work, he further stated, in responding to the ALJ's hypothetical which listed all his symptoms, specifically including his need for a clean environment and the problems from the anal infection as described by the claimant, and gave full credibility to Cox's testimony, that the number of jobs would be reduced by 30-35%.[2]
 
 
 15
 The ALJ then pursued the issue under hypothetical two, assuming more severe exertional limitations. He asked how the anal infection and problems relating to sitting would impact the vocational base, to which the VE replied that it would reduce it some. Asked about the impact of Cox's history of depression and post-traumatic stress, the VE responded that such an individual would have significant problems in social functioning and would not be a good candidate for a position where "he would be part of a direct linkage of workers" but could perform independent inspection work.
 
 
 16
 Cox further argues that. the hypotheticals excluded the way in which Cox was required to sit to be comfortable. On cross-examination, the VE agreed that if "it was necessary for him to use both of his forearms to lean on the table.... That would make it difficult in some cases and impossible for [sic] others to do the manipulations necessary to do certain types of work activity." It cannot be said that this answer negated all of the VE's prior testimony and amounts to an opinion that there are no jobs available that Cox would be able to perform. In sum, in questioning the VE, the ALJ gave full credence to Cox's symptom testimony and substantial evidence supported the conclusion that jobs are available that Cox would be able to perform.
 
 C. Mental Impairments
 1. Post-traumatic stress disorder
 
 17
 Cox argues that the ALJ failed to consider Cox's post-traumatic stress disorder in determining his residual functional capacity. However, as noted above, the ALJ specifically asked the VE how this syndrome would affect Cox's functional capacity, and addressed it in his findings.
 
 
 18
 2. ALJ's alleged failure to develop the record in light of Dr. Martin's report
 
 
 19
 Cox contends that the ALJ failed to develop the record and obtain psychological evidence. Cox bases his argument on Dr. Martin's statement that "[t]here is insufficient evidence that Mr. Cox's emotional disorders cause deficiencies of concentration that result in a failure to complete tasks in a timely manner."
 
 
 20
 Although an ALJ has a duty to supplement the record, see, e.g., 20 C.F.R. §§ 416.912(d), 416.1565(f), this duty is not implicated by Dr. Martin's statement. Contrary to Cox's assertions, Dr. Martin's statement refers to the fact that there is insufficient medical proof that Cox's mental impairments meet the requisite standard in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.04.B. That is, from her examination of Mr. Cox, Dr. Martin could not find that Cox's failure to complete tasks in a timely manner stemmed from his mental impairments rather than another source, such as his respiratory problems.
 
 
 21
 AFFIRMED.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A furuncle is a boil. Cox received treatment for boils on his back and for a rectal abscess. Cox claims that the rectal infection is disabling because he is required to take several showers a day to keep the area clean and is unable to stand or sit for long periods of time without significant discomfort
 
 
 [2]
 The record indicates that Mr. Sexton, the vocational expert, was present during Cox's testimony