**Mark ZLOTNIKOV, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration,\* Defendant–Appellee.**

No. 00–16397.

D.C. No. C–99–0135–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002 \*\*.

Decided Jan. 23, 2002.

---

\* Jo Anne B. Barnhart is substituted for Larry G. Massanari as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Mark Zlotnikov appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Social Security Income disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order upholding the Commissioner's denial of benefits, and review for substantial evidence and legal error the Commissioner's decision. *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir.2001). We affirm.

Zlotnikov's contention that the Administrative Law Judge ("ALJ") improperly disregarded treating physician Galina Gorodetsky's opinion lacks merit. Where,

as here, the treating physician's opinion is contradicted by a non-treating physician's opinion that is supported by independent clinical findings, the non-treating physician's opinion may constitute substantial evidence for discrediting the treating physician's opinion. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Zlotnikov's contention that the ALJ improperly rejected treating physician Anne Simons' opinion lacks merit, because non-treating physician C. Dean Hartwig's opinion constitutes substantial evidence for rejecting Dr. Simons' opinion. *See id.*

Zlotnikov's contention that he could not work as a pipe fitter lacks merit because Zlotnikov must show that a disability prevented him from performing his previous job as an electrical fitter, regardless of where Zlotnikov performed that job and whether that job exists in the United States. *See Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir.1989).

Although the ALJ correctly noted that x-rays of Zlotnikov's back indicated disc space narrowing and osteophytic spurring at C4–C7, L1–L2 and L3–4 levels, the ALJ erred in stating that there was no evidence that these conditions did not result in degenerative changes. However, because Zlotnikov failed to carry his burden to show how this condition prevented him from engaging in his past work as an electrical fitter, *Clem v. Sullivan,* 894 F.2d 328, 331 (9th Cir.1990), the ALJ's error is harmless, *see Booz v. Sec'y of Health and Human Servs.,* 734 F.2d 1378, 1380 (9th Cir.1984).

The ALJ properly considered Zlotnikov's mental and physical impairments in combination in assessing whether he could perform his past relevant work as an electrical fitter, and in assessing the credibility

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of his testimony about his limitations. *See Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir.1996).

AFFIRMED.