Manuel **VALENZUELA**, Plaintiff—
Appellant,

v.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 42 U.S.C. § 12102(2)(A).

2. 42 U.S.C. § 12102(2)(C).

3. *McAlindin v. County of San Diego,* 192 F.3d 1226 (9th Cir.1999).

4. *Chuang v. University of California,* 225 F.3d

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant—Appellee.

No. 05–16566.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2007.

Filed Sept. 10, 2007.

Harvey P. Sackett, Esq., San Jose, CA, for Plaintiff–Appellant.

Kimberly Anne Gaab, Esq., Office of the U.S. Attorney, Fresno, CA, Nancy M. Lisewski, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

1115, 1128 (9th Cir.2000).

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Manuel Valenzuela appeals the district court's grant of summary judgment upholding the Commissioner of Social Security's ("Commissioner") denial of Valenzuela's application for Supplemental Security Income ("SSI") benefits based on his inability to work due to Carpal Tunnel Syndrome and Hepatitis C. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We reverse and remand to the district court with instructions to remand to the Commissioner for the calculation and award of benefits.

■ The district court incorrectly found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence.[1] The ALJ relied on three grounds in determining that Valenzuela was credible as to the existence of his subjective pain, but not as to its severity. First, the ALJ concluded that Valenzuela's pain was not as severe as Valenzuela indicated because he was only taking "non-steroidal anti-inflammatory medication" instead of a stronger pain medication. However, Valenzuela explained that he was unable to take stronger medication because he suffered from Hepatitis C. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir.1989) (An ALJ may not "rely on the claimant's failure to take pain medication where evidence suggests that the claimant had a good reason for not taking medication."). Second, the ALJ determined that Valenzuela "shops, takes care of his young son, works on cars, and does chores." But in fact Valenzuela had testified to the ex-

treme difficulty he encountered when he tried to engage in each of those activities. Thus, the ALJ's credibility determination was based on an inaccurate characterization of Valenzuela's testimony. Third, the ALJ determined that the absence of evidence of muscular atrophy indicated that Valenzuela's Carpal Tunnel Syndrome was not as severe as Valenzuela claimed. However, the record was devoid of any medical testimony to support that finding. *See Morgan v. Comm'r of SSA*, 169 F.3d 595, 599 (9th Cir.1999) (When making a credibility determination, "[t]he ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."). "[A]bsent affirmative evidence of malingering, an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.2001). The ALJ's credibility determination was thus unsupported by substantial evidence.

A claimant qualifies for SSI benefits if he is not currently working, has a severe impairment, and "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B); *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir.1989).

■ The ALJ found that Valenzuela was not currently working and had a severe impairment. When the ALJ posed a hypothetical question to the vocational expert ("VE") asking whether, taking Va-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we find in favor of Valenzuela on this ground, we do not address his arguments regarding prejudice for lack of representa-

tion; whether his impairment precluded all work activity for twelve months; or whether the ALJ properly resolved the discrepancy between the vocational expert's testimony and the *Dictionary of Occupational Titles*.

**930**

lenzuela's testimony as true, a person in Valenzuela's condition would be able to perform Valenzuela's past work or any job in the national economy, the VE responded, "[N]o." Because the ALJ had no legitimate reason for finding Valenzuela's testimony incredible, the ALJ also had no legitimate reason for discounting the VE's response to the hypothetical based upon Valenzuela's testimony.

Accordingly, the ALJ erred by denying Valenzuela's claim for benefits. Valenzuela was not working, had a severe impairment, and—according to the only relevant evidence in the record—was unable to perform his past relevant work or any other job in the national economy, thus satisfying all requirements of 42 U.S.C. § 1382c(a)(3)(B).

We may remand for a benefits award "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir.1989). Each of the requirements of 42 U.S.C. § 1382c(a)(3)(B) has been established, and there are no "outstanding issues that must be resolved before a proper disability determination can be made." *Varney v. Sec'y of Health and Human Servs.,* 859 F.2d 1396, 1401 (9th Cir.1988). Therefore, we remand to the district court with instructions to remand to the Commissioner for the immediate payment of benefits retroactive to the onset of Valenzuela's disability.

**REVERSED and REMANDED with award of benefits.**

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part.

I agree, for the reasons explained in the court's disposition and because of the gov-

ernment's concessions at oral argument, that this case should be remanded. At this point, however, I believe that it is premature for our court to direct an award of benefits. I would therefore simply remand for further administrative proceedings. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000).