Jean A. SMITH, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant–Appellee.

No. 05–36040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 30, 2007.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

D. James Tree, Esq., Thomas A. Bothwell, Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., Office of the U.S. Attorney, Spokane, WA, David J. Burdett, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

822

Before: B. FLETCHER and GOULD, Circuit Judges, and LARSON **, District Judge.

## MEMORANDUM ***

Plaintiff–Appellant Jean Smith appeals from the district court's affirmance of the Social Security Administration's ("SSA") denial of her application for Disability Insurance Benefits ("DIB"). She argues that the Administrative Law Judge ("ALJ") failed to conduct an adequate step four analysis and that the ALJ's determination that she had the residual functional capacity to return to her previous work as a medical office assistant was not based on substantial evidence. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

This court reviews the district court's order de novo. *Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir.2003). We will affirm a final decision of the Commissioner unless it is not supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g); *Connett,* 340 F.3d at 875. If the ALJ fails to provide an adequate basis for review to determine whether the decision is based on substantial evidence, the case must be remanded. *See Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001).

■ The record in this case is inadequate for several reasons. First, the ALJ improperly rejected the opinion of Smith's treating physician, Dr. Cox, without giving a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). Dr. Cox's treatment notes clearly indicate that he had diagnosed Smith with osteoarthritis of the feet and knees, bilateral knee and ankle pain, and chronic back pain. It was therefore error for the ALJ to conclude that "[n]o significant back, knee, or foot impairment has ever been identified," without citing to a conflicting medical opinion or making specific findings delineating in what respect that Dr. Cox's opinion was not based on objective medical evidence.

■ Similarly, the ALJ did not give clear and convincing reasons for concluding that Smith did not have any mental limitations in light of the uncontradicted diagnosis by Dr. Cox that she suffered from anxiety and depression. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (holding that "clear and convincing" reasons are required to reject a treating doctor's ultimate conclusions and, where uncontradicted by another doctor, opinions). The ALJ's conclusion is particularly troubling because it also disregards, without explanation, the non-examining physician's conclusions that Smith was moderately limited in her ability to understand, remember, and carry out detailed instructions; complete a normal workday and workweek without interruptions from psychologically based symptoms; set realistic goals or make plans independently of others; and maintain concentration, persistence or pace.

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

■ Dr. Cox's treatment notes indicate that Smith suffered from medical conditions that are reasonably likely to cause pain. *See Bunnell v. Sullivan,* 947 F.2d 341, 345–46 (9th Cir.1991) (en banc). The ALJ was therefore required to credit her testimony regarding the severity of her pain unless he identified specific evidence that undermined her complaints. *Lester,* 81 F.3d at 834. Because the ALJ failed to explain why he rejected Smith's pain testimony, we find that his conclusion was not based on substantial evidence.

■ The ALJ also made insufficient findings regarding the physical and mental demands of Smith's past relevant work. *See* SSR 82–62 (describing the three phases of inquiry at step four of the five step disability analysis).[2] In concluding that Smith's past relevant work as a medical office assistant "was light in some aspects but only required ten pounds of lifting and carrying," the ALJ failed to make any findings regarding the job's standing and walking requirements, reaching requirements, and mental demands, either as the job is generally performed in the national economy, or as Smith actually performed it. At a minimum, he should have referred to the *Dictionary of Occupational Titles* or questioned Smith at the hearing to determine the mental demands of the job and how much overhead reaching was required since, at the time of the hearing, he acknowledged those limitations.

■ Finally, the ALJ's analysis was inadequate because he failed to consider and explain whether Smith could perform the functions of her past relevant work as a medical office assistant in light of her physical and mental limitations. Only after conducting a function-by-function analysis of the job requirements as Smith was actually required to perform them, comparing this with her residual functioning

capacity, and then determining that she could not do the past relevant work, would it be appropriate to categorize the work as "light" and conclude that she was able to perform the type of work as "generally performed in the national economy." SSR 96–8p; *see also Villa v. Heckler,* 797 F.2d 794, 798 (9th Cir.1986).

In light of the ALJ's failure to make specific findings as to Smith's residual functional capacity, the physical and mental demands of her past relevant work, and her ability, in light of her residual functional capacity, to return to her past relevant work, we reverse and remand for further development of the record as to steps four and five of the disability benefits analysis: Smith's ability to perform either her past relevant work or any other work in the national economy in light of her legally unrebutted and, hence, established physical and mental limitations. *See Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir.2004) ("Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physicians' opinions, we credit the evidence as true.").

## REVERSED AND REMANDED.

**Laura LASICH, Plaintiff–Appellant,**

v.

*Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 & n. 6 (9th Cir.1989).

---

**2.** While lacking the force of law, Social Security Rulings ("SSR") are binding on ALJs. *See*