**Aleksandr MIKITYUK, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

No. 05–36127.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008.\*\*

Filed Feb. 11, 2008.

PMB # 294, West Linn, OR, for Plaintiff–Appellant.

\* Michael J. Astrue, who was sworn in as Commissioner of the Social Security Administration on February 12, 2007, is substituted as the defendant-appellee pursuant to Fed. R.App. P. 43(c)(1).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See *Fed. R.App. P. 34(a)(2).*

Liva Jamala Edwards, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM \*\*\*

Aleksandr Mikityuk appeals the district court's judgment affirming the decision of the administrative law judge (ALJ) denying benefits. We reverse and remand for further proceedings.

Although it was proper for the ALJ to rely on Mikityuk's description of his past work, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir.1989), the ALJ failed to develop the record to determine whether Mikityuk's prior work as a painter foreman in the Ukraine constitutes a substantial gainful activity. In order for prior work to be considered past relevant work, the work must have been performed at the level of a substantial gainful activity. 20 C.F.R. § 416.960(b)(1). It is not clear from the record the hours Mikityuk worked as a painter foreman or the pay he received for such work. On a relevant matter such as this, the ALJ has a duty to develop the record, yet failed to do so. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir.1991). Accordingly, we remand for the ALJ to determine whether Mikityuk's prior work was a substantial gainful activity.

Remaining arguments that Mikityuk advances are not supported by the record. Mikityuk's heart condition had no more than a minimal effect on his ability to work and was therefore not severe. *See* 20 C.F.R. § 404.1521. The ALJ's discounting of the opinion of Dr. Davis was supported by "specific and legitimate" reasons and was therefore proper. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996). To any extent that the rejection of Dr. Englander's opinion was in error, it was not prejudicial to Mikityuk. *Stout v. Commissioner, SSA*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The ALJ also properly articulated clear and convincing reasons for rejecting Mikityuk's testimony, *see Lester*, 81 F.3d at 834, and the ALJ provided germane reasons to reject Mikityuk's wife's testimony. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999).

REVERSED AND REMANDED.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.