NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDILBERTO CAMARSE CUYSON, | No. 18-15043 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01913-AC |
| v. | MEMORANDUM* |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted February 24, 2020**

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Edilberto Camarse Cuyson appeals the district court's decision affirming the

Commissioner of Social Security's decision denying his application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) did not err in determining that a questionnaire completed by Cuyson's treating psychiatrist, Dr. Cecile Soliven, was not a Medical Source Statement or a medical opinion. The questionnaire did not express Dr. Soliven's judgment as to the severity of Cuyson's impairments or what he could do despite his impairments. *See* 20 C.F.R. § 404.1527(a)(2) (2012) (defining "medical opinions" as statements that "reflect judgments about the nature and severity of your impairment(s), including . . . what you can still do despite impairment(s), and your physical or mental restrictions").

The record does not support Cuyson's backup assertion that the ALJ's summary of the questionnaire is inaccurate. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (where the ALJ provides a rational interpretation of the evidence, we must uphold the ALJ's findings).

The ALJ provided specific, clear, and convincing reasons to discount Cuyson's symptom testimony. Cuyson's testimony was undercut by his failure to follow treatment recommendations. His testimony was also inconsistent with the ALJ's observations, inconsistent with the medical evidence, and inconsistent with Cuyson's activities. *See Molina*, 674 F.3d at 1113 (ALJ reasonably concluded that claimant's reported activities were inconsistent with the limitations alleged); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)

18-15043

(ALJ may discount a claimant's testimony as inconsistent with the medical evidence); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one factor in the credibility determination); *Han v. Bowen*, 882 F.2d 1453, 1458, n.8 (9th Cir. 1989) (no error where ALJ made specific findings based on his observation of the claimant). Any error in the ALJ's additional reasons for discounting Cuyson's symptom testimony was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is "inconsequential to the ultimate nondisability determination").

Any error in the ALJ's evaluation of a third-party function report was harmless. *See id*.

Cuyson's request for oral argument, included in his opening brief, is denied.

**AFFIRMED**.